742 So.2d 534 (1999)
M.A.F., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02992.
District Court of Appeal of Florida, Second District.
October 22, 1999.
*535 Gary M. Glassman of Glassman & Golden Norris, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court order committing him to the Department of Juvenile Justice, Level 10. While we find no merit in appellant's argument that if he had been represented by counsel at sentencing, the trial court would have granted his request to be sentenced as an adult to a term of incarceration, we must reverse as the trial court failed to inquire whether appellant's waiver of counsel was knowing and voluntary.
Counsel is required at each stage of the proceedings. See Fla. R. Juv. P. 8.165(a). A juvenile defendant must be advised of his right to counsel, and if he chooses to waive counsel, the court must query the defendant to determine if the waiver was freely and intelligently made. See Fla. R. Juv. P. 8.165(b)(2). Failure to comply with rule 8.165 constitutes fundamental error. See J.O. v. State, 717 So.2d 185 (Fla. 5th DCA 1998). While the record in the instant case contains a waiver of counsel form, it was signed only by appellant with the space designated for the signature of a parent or guardian left blank. The trial court's failure to perform the necessary colloquy regarding appellant's right to counsel and whether his waiver was freely and intelligently made requires that appellant's sentence be reversed and the case remanded for further proceedings.
Reversed and remanded.
PARKER and GREEN, JJ., Concur.